UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-01854 DMG (DTBx)** | Date | March 4, 2011 |
|---|---|---|---|
| Title | *Eric S. Tomalak, et al. v. Bank of America, et al.* | Page | 1 of 1 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

On March 3, 2011, Plaintiffs Eric S. Tomalak and Holly A. Tomalak filed a complaint against Defendants Bank of America, Orange Coast Title Company, PRLAP Inc., Does "I" through "X," and Roe corporations "I" through "V." Plaintiffs seek to quiet title to real property, and request injunctive and declaratory relief.

Plaintiffs invoke this Court's jurisdiction based on 28 U.S.C. §§ 1331, 1333, 1337, and 1343, as well as "GAAP" and the "Federal Reserve Board Regulation." Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." The complaint, however, raises no questions of federal law. Thus, Section 1331 does not apply. Similarly, 28 U.S.C. § 1337 does not apply because the complaint does not arise under any act of Congress. Section 1343 likewise does not apply because Plaintiffs do not allege that Defendants deprived them of a federal civil right.

Pursuant to 28 U.S.C. § 1333, district courts have jurisdiction over admiralty and related cases. Plaintiffs' complaint does not involve maritime commerce, a prize taken into the United States, or events occurring on the high seas. Rather, it concerns real property in Cathedral City, California. Section 1333 therefore does not provide a jurisdictional basis.

The Court is uncertain what Plaintiffs mean when they assert "GAAP" and "Federal Reserve Board Regulation" as bases for jurisdiction. Plaintiffs do not invoke diversity jurisdiction, *see* 28 U.S.C. § 1332, nor can they do so without showing that all Defendants are citizens of states other than California, where Plaintiffs reside.

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of jurisdiction. Plaintiffs shall file their response by **March 18, 2011**.

**IT IS SO ORDERED.**